**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**DOCKET NO.: 0:02CR00360-001 (DSD)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | **MEMORANDUM IN** |
| | ) | **SUPPORT OF CONTINUED** |
| **vs.** | ) | **SUPERVISED RELEASE** |
| | ) | |
| **SIDNEY DELONDRA MANNING** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

A final hearing on the petition for revocation of the defendant's supervised release is scheduled in the above matter for Monday, October 31, 2005 at 10:00 a.m., before the Honorable David S. Doty, Senior U.S. District Court Judge. At that time, the defendant, Sidney Delondra Manning, through counsel, Terry L. Hegna, will respectfully request that the Court further modify the defendant's conditions of supervised release and find that there is an appropriate substance abuse treatment program available to the defendant which warrants an exception to the mandatory requirement that the defendant's supervised release be revoked and that he be required to serve a term of imprisonment pursuant to 18U.S.C.§3583(d) and (g).

On May 28, 2003, the defendant was sentenced for Making False Statements to a Federally Licensed Firearms Dealer, in violation of 18U.S.C.§922(a)(6) to 21 months in the custody of the Bureau of Prisons to be followed by a 3 year period of supervised release, which began on January 12, 2005. The defendant is a chemically dependent person and it is that dependency, which resulted in the underlying criminal activity, and the conditions of his supervised release requiring him to participate in both treatment and testing.

Despite the defendant's best efforts, he tested positive for opiates and cocaine shortly after his release from custody and on February 17, 2005, the defendant's conditions of supervised release were modified to allow him to participate in a 42 day inpatient chemical dependency program. The defendant successfully completed that program but again relapsed once back in the community.

Since completing the 42 day treatment program on or about March 29, 2005, the defendant has been back before this Court on two occasions due to continued use. The defendant's conditions were modified, first to include sober housing, followed by home confinement; and when the defendant again relapsed, his conditions of supervised release were again modified to include 6 months at a community corrections center, which in the defendant's case was the Anoka County Jail work release program. On neither of these occasions was the defendant referred back to long-term residential chemical dependency treatment to further address the issues of his disease.

Addiction/chemical dependency is a chronic relapsing disease characterized by both physiological as well as behavioral changes in individuals. Numerous treatment efforts are sometimes necessary to help an individual stop using and no one knows this better than the defendant. The United States Sentencing Commission mandated that the Court "shall consider" the availability of treatment programs even in a situation where the mandatory imposition of prison time is directed. 18U.S.C.§3583(g) reflects the understanding of the sentencing commission that substance abuse is a chronic disease and when there is a relapse reported treatment if available is appropriate.

The defendant requests that the Court modify rather than revoke his conditions of supervised release. Sending the defendant to prison provides a serious sanction but does not treat the addiction. The defendant wants to stop using and requests that his conditions of supervised release be modified to include new conditions requiring him to enter and complete the extended

residential chemical dependency program at Eden House at 1025 Portland Avenue, Minneapolis, Minnesota. Upon completion of the extended program, the defendant would enter and complete Eden House's transitional housing program and follow an intensive after care plan created to assist the defendant with his continued recovery in the community. During the residential program, the defendant would be restricted to the confines of the program facility and would not be permitted to work or otherwise leave the facility for any reason per the direction of his federal probation officer.

The extended program at Eden House is a 120 day (4 month) intensive residential substance abuse program. Eden House is a well respected community based program that regularly services individuals within the criminal justice system. As part of their program, they regularly test individuals to insure that there is no use and work with the resident's probation officers to monitor the progress of participants in their program.

The defendant participated in a Rule 25 assessment at the Sherburne County Jail, and the result of that assessment yielded a finding that the defendant is a chemically dependant person, is in need for further long-term treatment and that Hennepin County (the defendant's county of residence) will provide the defendant with funding to participate in such a program. The Hennepin County assessor has referred the defendant to Eden House for treatment and Eden house has agreed they would accept the defendant if the Court orders placement. Eden House currently has beds available so that the defendant could be transferred to the program as early as Monday, October 31, 2005. The defendant has served 5 weeks in custody following his arrest on September 24, 2005, is fully detoxed and ready to start an intensive program.

Besides adding an intensive treatment component to the new conditions suggested by the defendant, this plan is more restrictive then the prior dispositions ordered by the Court. The defendant has just spent 5 weeks in jail. At the halfway house, as well as at the Anoka County Jail work release program, the defendant was able to come and go from the facilities and was

able to work. At Eden House, in addition to receiving needed treatment, the defendant will be restricted to the facility. Thereafter, the defendant will reside in transitional housing and be expected to follow appropriate aftercare for such a period as his counselors and probation officer deem appropriate.

There is an additional allegation that the defendant "escaped" from the Anoka County Work Release Program. Following the defendant's positive urine screen on September 12, 2005, the defendant was told he could not continue in the program. After work on September 12, 2005, the defendant went home and thereafter called his probation officer to inform him he had been asked to leave the Anoka County Work Release Program. The defendant's whereabouts were not unknown.

The defendant respectfully requests that the Court find that pursuant to 18U.S.C.§3583(d) there is a substance abuse treatment program, which is available to the defendant, and that the defendant is in need of further treatment to address his dependency. There are no allegations or suggestions that the defendant has engaged in any further criminal actively outside of his use. By maintaining the defendant on supervised release, the Court still has the authority to sentence the defendant to a full term of imprisonment if the defendant is not ultimately successful staying clean. Following completion of treatment, the defendant will have served nearly 1 ½ years of his supervised release and the defendant understands that all that time will be lost if he is unable to stay straight.

The defendant takes responsibility for his actions and realizes that his violation of this Court's conditions has been a severe breach of this Court's trust. The defendant requests an opportunity to further address his addiction so that he has the tools to comply with all conditions

set by this Court in the future and to ultimately become a healthy and productive member of society.

**Respectfully Submitted,**

**Dated: October 26, 2005**

**S/_Terry L. Hegna __**
**Terry L. Hegna**
**Attorney for Defendant**
**Sidney Delondra Manning**
**961 Grand Avenue**
**St. Paul, Minnesota 55105**
**(651) 292-8373**
**Atty. Reg. No.: 141938**